1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

CASSIOPEIA IP LLC,

Plaintiff,

11

12

v.

13

SYNOLOGY AMERICA CORP.,

14

Defendant.

15

16

Civil Action No.  2:22-cv-01521

PLAINTIFF'S RESPONSE TO ORDER
TO SHOW CAUSE

JURY DEMAND

17

## **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

18

19          Plaintiff Cassiopeia IP LLC, and its counsel, hereby files this Response to the Court's

20     Order To Show Cause dated February 3, 2023, and for the reasons stated herein, respectfully

21     requests that the Court not dismiss the action.

22          On October 26, 2022, Plaintiff Cassiopeia IP LLC ("Cassiopeia") filed this lawsuit against

23     Synology America Corp. ("Synology") for patent infringement.  On October 28, 2022, this Court

24     issued the summons for the Complaint.

25

26          On February 3, 2023, the Court, noting that Plaintiff had not served Defendant with the

27     summons and copy of Plaintiff's complaint within the timeframe provided in Rule 4(m), issued

28     an Order to Show Cause.

Cassiopeia IP LLC v. Synology America Corp.
Response to Order To Show Cause

On February 1, 2023, prior to receiving the Order to Show Cause, Plaintiff had discovered that a clerical error and that the complaint and summons had not been served.  Specifically, an entry had been made on my firm's internal records that the Complaint and summons was out for service.  Declaration of John A. Lee ("Lee Decl"),  ¶ 4.  My firm immediately sent the Complaint and summons out for filing on February 1, 2023.  *Id.* Service was completed on February 6, 2023.  Proof of service was filed as Dkt. No. 7.  *Id.* at ¶ 5.  There was no malice or intent to delay these proceedings by Plaintiff.  *Id.* at ¶ 6.

The Court must extend the time for service beyond 90 days if Plaintiff shows good cause. In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[G]ood cause generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (internal quotation marks omitted).  Here, Plaintiff believed that service had been made, due to the clerical error in counsel's office.

Absent good cause, courts have discretion "to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d at 513. The Ninth Circuit has noted that "a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotation marks omitted). An extension of time for service may be retroactive. *Wright v. City of Santa Cruz*, 2014 WL 3058470, at *7 (N.D. Cal. July 3, 2014).

Here, there is no statute of limitations bar.  In addition, there is no prejudice to the Defendant, if anything, the Defendant could argue that damages have been limited during this time.  Further, actual notice and service have been made to now been made to the Defendant.

Cassiopeia IP LLC v. Synology America Corp.
Response to Order To Show Cause

2

Lee Decl. at ¶7.  Thus, even if good cause is not found, Plaintiff asks the Court to vacate the

Order to Show Cause and extend the deadline for service to February 7, 2023.

Dated: February 13, 2023

Respectfully submitted,

BANIE & ISHIMOTO LLP

By: /s/ John A. Lee, WSBA No. 35,550

John A. Lee
jlee@banishlaw.com
Banie & Ishimoto LLP
2100 Geng Road, #210
Palo Alto, CA 94303
T: 650.241.2774
F: 650.241.2770

Attorneys for Plaintiff
Cassiopeia IP LLC

Cassiopeia IP LLC v. Synology America Corp.
Response to Order To Show Cause

3